



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | HILLARY A. FROMMER<br>*Senior Counsel*<br>Phone: (212) 788-0823<br>Fax: (212) 788-9776<br>hfrommer@law.nyc.gov |

**MEMO ENDORSED**    June 24, 2008

**VIA HAND DELIVERY**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/08
```

Re:   Lamot v. The City of New York,
        08 Civ. 5300 (DLC)

Dear Judge Cote:

    I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense for defendant City of New York. I write with respect to the above-referenced matter in which plaintiff alleges that she was falsely arrested, maliciously prosecuted, and sexually harassed and abused by Detective James Bullock of the New York City Police Department. Defendant City respectfully requests that its time to respond to the complaint be extended for sixty (60) days from the current due date of July 1, 2008 until September 2, 2008. I have spoken with plaintiff's counsel and plaintiff consents to this request.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, defendant City needs this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office has forwarded to plaintiff through her counsel for execution consent and authorization for the release of sealed records so that the defendant can access the information, properly assess the case, and respond to the complaint.

    Additionally, because plaintiff has alleged physical injury as a result of the events complained of, this office is in the process of forwarding to that plaintiff for execution a consent and authorization for the release of medical records, at this point limited to the incident, again so

that the defendant can access the information, properly assess the case, and respond to the complaint.

Finally, based on the docket sheet, it appears that the individual defendant detective has been served with the summons and complaint. This extension should provide time for this office to ascertain whether service was proper and if so, to properly investigate plaintiff's allegations and make a representational decision with respect to the individual defendant. *See Mercurio v. The City of New York et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to September 2, 2008.

Thank you for your consideration in this matter.

Granted.

*[signature]*
June 25, 2008

Respectfully submitted,

*[signature]*
Hillary A. Frommer (HF-9286)
Senior Counsel

cc:   Anthony Cecutti, Esq. (via facsimile)