UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JALEA LAMOT,

                                      Plaintiff,

                 -against-

THE CITY OF NEW YORK, a municipal entity,
MICHAEL BLOOMBERG, Mayor of the City of New
York, RAYMOND W. KELLY, New York City Police
Commissioner, New York City Police Supervisors and
Commanders RICHARD ROEs 1-50, POLICE OFFICER
JAMES M. BULLOCK (Shield # 1444), POLICE
OFFICERS JOHN DOE AND RICHARD ROE( names
and number of whom are unknown at present), and other
unidentified members of the New York City Police
Department,

                                      Defendants.

------------------------------------------------------------------------ x

**ANSWER**

JURY TRIAL DEMANDED

08 Civ. 5300 (DLC)

         Defendants City of New York, Michael Bloomberg, Raymond W. Kelly, and Detective

James Bullock, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New

York, as and for an answer to the Complaint, respectfully allege upon information and belief as

follows:

         1.   Deny the allegations set forth in paragraph "1" of the complaint, except admit that

plaintiff purports to bring this action as stated therein.

         2.   Deny knowledge or information sufficient to form a belief a to the truth of the

allegations set forth in paragraph "2" of the complaint.

         3.   Defendants state that the allegations set forth in paragraph "3" of the complaint

constitute legal conclusions to which no response is required.

4.  Defendants state that the allegations set forth in paragraph "4" of the complaint constitute legal conclusions to which no response is required.

5.  Defendants state that the allegations set forth in paragraph "5" of the complaint are not averments requiring responses.

6.  Deny the allegations set forth in paragraph "6" of the complaint.

7.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

8.  Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

9.  Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to bring this action in this venue as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on or about April 30, 2007.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Michael Bloomberg is the mayor of the City of New York.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the New York City Police Department.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that James Bullock is employed as a detective with the New York City Police Department and is assigned to the 50th Precinct Detective Squad.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Defendants state that the allegations set forth in paragraph "18" of the complaint constitute legal conclusions to which no response is required.

19. Defendants state that the allegations set forth in paragraph "19" of the complaint constitute legal conclusions to which no response is required.

20. Defendants state that the allegations set forth in paragraph "20" of the complaint constitute legal conclusions to which no response is required.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that the City of New York is a municipal corporation. Defendants further respectfully refer this Court to the New York City Administrative Code and New York City Charter for a recitation of the relationship between the City and the New York City Police Department.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint and respectfully refer the Court to the text of the document for the contents thereof.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint, except admit that defendant Bullock called plaintiff.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that defendant Bullock asked plaintiff to come to the precinct.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Admit the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Admit the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Admit the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Admit the allegations set forth in paragraph "67" of the complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint, except admit that plaintiff was released after the District Attorney's Office declined to prosecute.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. In response to the allegations set forth in paragraph "77" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. In response to the allegations set forth in paragraph "79" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Defendants state that the allegations set forth in paragraph "84" of the complaint constitute legal conclusions to which no response is required.

85. Defendant states that the allegations set forth in paragraph "85" of the complaint constitute legal conclusions to which no response is required.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Defendant states that the allegations set forth in paragraph "87" of the complaint constitute legal conclusions to which no response is required.

88. Defendant states that the allegations set forth in paragraph "88" of the complaint constitute legal conclusions to which no response is required.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. In response to the allegations set forth in paragraph "93" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. In response to the allegations set forth in paragraph "97" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100.     Deny the allegations set forth in paragraph "100" of the complaint.

101.     In response to the allegations set forth in paragraph "101" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

102.     Deny the allegations set forth in paragraph "102" of the complaint.

103.     Deny the allegations set forth in paragraph "103" of the complaint.

104.     Deny the allegations set forth in paragraph "104" of the complaint.

105.     Deny the allegations set forth in paragraph "105" of the complaint.

106.     Deny the allegations set forth in paragraph "106" of the complaint.

107.     Deny the allegations set forth in paragraph "107" of the complaint.

108.     In response to the allegations set forth in paragraph "108" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

109.     Deny the allegations set forth in paragraph "109" of the complaint.

110.     Deny the allegations set forth in paragraph "110" of the complaint.

111.     Deny the allegations set forth in paragraph "111" of the complaint.

112.     Defendants state that the allegations set forth in paragraph "112" of the complaint are not averments requiring responses.

## FOR A FIRST AFFIRMATIVE DEFENSE

113.    The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

114.    Any injuries in the complaint were caused, in whole or in·part, by plaintiff's culpable or negligent conduct.

## FOR A THIRD AFFIRMATIVE DEFENSE

115.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## FOR A FOURTH AFFIRMATIVE DEFENSE

116.    Plaintiff provoked any incident.

## FOR A FIFTH AFFIRMATIVE DEFENSE

117.    There was probable cause for plaintiff's arrests and prosecution.

## FOR A SIXTH AFFIRMATIVE DEFENSE

118.    Plaintiff's claims are barred, in part, by failing to comply with all conditions precedent to suit.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

119.    At all times relevant to the acts alleged in the complaint, the defendants acted reasonably in the proper and lawful exercise of their discretion.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

120.    Punitive damages are not obtainable as against the City of New York.

## FOR A NINTH AFFIRMATIVE DEFENSE

121.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful

discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

WHEREFORE, defendants City of New York, Michael Bloomberg, Raymond W. Kelly, and James Bullock respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 30, 2008

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the City of New York
                                  Attorney for Defendants City, Bloomberg, Kelly, and Bullock
                                  100 Church Street
                                  Room 3-212
                                  New York, New York 10007
                                  (212) 788-0823

                                  By: _____
                                      Hillary A. Frommer (HF 9286)
                                      Senior Counsel

TO:    Anthony Cecutti
        Romano & Kuan, PLLC
        100 Lafayette Street, Suite 401
        New York, New York 10013
        (212) 274-0777

Index No.  08 Civ. 5300 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JALEA LAMOT,

                                           Plaintiff,

                  -against-

THE CITY OF NEW YORK, a municipal entity, MICHAEL
BLOOMBERG, Mayor of the City of New York,
RAYMOND W. KELLY, New York City Police
Commissioner, New York City Police Supervisors and
Commanders RICHARD ROEs 1-50, POLICE OFFICER
JAMES M. BULLOCK (Shield # 1444), POLICE OFFICERS
JOHN DOE AND RICHARD ROE( names and number of
whom are unknown at present), and other unidentified
members of the New York City Police Department,

                                        Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Bullock*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Hillary A. Frommer*
*Tel:  (212) 788-0823*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ....................................................., 200......*

*............................................................................... Esq.*

*Attorney for.................................................................*