**MEMO ENDORSED**

Co Te/5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILi
DOC #: _____
DATE FILED: 7/16/09

JALEA LAMOT,

                      Plaintiff,

         -against-

THE CITY OF NEW YORK, a municipal entity,
MICHAEL BLOOMBERG, Mayor of the City of New
York, RAYMOND W. KELLY, New York City Police
Commissioner, POLICE OFFICER MONIQUE CARTER
(Shield No. 520), POLICE OFFICER DAVID TAYLOR
(Shield No. 10760), SERGEANT RICARDO PACHECO
(Shield No. 4967), New York City Police Supervisors and
Commanders RICHARD ROEs 1-50, POLICE OFFICER
JAMES M. BULLOCK (Shield # 1444), POLICE
ATTENDANT STEVEN FRIEDMAN (Tax Registry No.
320983), POLICE OFFICERS JOHN DOE AND
RICHARD ROE( names and number of whom are
unknown at present), and other unidentified members of
the New York City Police Department,

                      Defendants.

-------------------------------------------------------------- x

**AMENDED STIPULATION
AND PROTECTIVE ORDER**

08 CV 5300 (DLC)

       WHEREAS, plaintiff has requested that defendants provide information and disclose documents pertaining to the personnel and disciplinary files for defendant officers; and

       WHEREAS, defendants deem these documents confidential; and

       WHEREAS, defendants object to the production of these documents unless appropriate protection for their confidentiality is assured;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

1

1. As used herein, "Confidential Materials" shall mean any and all documents generated or maintained by the New York City Police Department regarding defendants, and other documents that may be designated confidential by the defendants, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant City, or (b) are otherwise publicly available.

2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for preparation or presentation of his case in this action.

3. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action.

    b. Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by his attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A,

2

not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by Plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials and that is submitted to the Court or is made a matter of public record in any other manner, shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be

3

maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
July 16, 2009

Anthony Cecutti, Esq.
Romano & Kuan, PLLC
Attorneys for Plaintiff
100 Lafayette Street, Suite 401
New York, New York 10013
(212) 274-0777

By: _____
Anthony Cecutti, Esq. (5767)

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for City Defendants
100 Church Street, Room 3-156
New York, New York 10007
(212) 788-6405

By: _____
Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein, therefore by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does NOT so order ¶ 5 _____, which purports to authorize the parties to file documents under seal without a prior court order.

SO ORDERED:

_____
U.S.D.J.

Denise Cote
July 16, 2009

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled Jalea Lamot v. The City of New York, et al., 08 CV 5300 (DLC) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____            _____
Date                                                                  Signature

                                                                    _____
                                                                    Print Name

                                                                    _____
                                                                    Occupation